JAMES ACKLEY, 2d. *versus* JOSHUA DENNISON.

In an action of debt to recover the penalty for "setting a net for the purpose of taking herring in any river, stream, harbor, creek or cove in the county of Washington," contrary to the provisions of the statute, an averment which limits the prior general language of the declaration to some one harbor or cove, is necessarily descriptive. And if such restrictive averment might have been omitted, yet being a part of the declaration, it becomes necessary to prove it as laid, and it cannot be rejected as surplusage.

EXCEPTIONS from the Eastern District Court, CHANDLER J. presiding.

Debt for the penalty prescribed for taking herring in the county of Washington, contrary to the provisions of the statute on that subject. The declaration commenced thus. " In a plea of debt, for that the said defendant, at said Cutler, on the fifteenth day of September, A. D. 1840, a certain net for the purpose of taking herring, and with an intent to take herring not for bait only, in a certain harbor or cove commonly called Little Machias Bay, in said county, did set and place, contrary to the form of the statute."

The plaintiff proved, that in the early part of September, 1840, the defendant had set three nets at one time to take herring in a cove in said county, called Great Holway's Cove, and that the defendant had admitted, that the nets were not set for the purpose of taking bait only. The defendant introduced testimony tending to show, that Great Holway's Cove was not in, and was no part of Little Machias Bay. And the plaintiff introduced testimony to show that the cove was in, and was a part of that bay.

The plaintiff contended, that if the cove was not a part of the bay, still, as it was within the county of Washington, it was under this declaration and the phraseology of the statutes on this subject sufficient, and that the adding of the words, in Little Machias Bay, was surplusage, and might be rejected.

The presiding Judge instructed the jury, that it was incumbent on the plaintiff to satisfy them, that the defendant had set his net for that purpose in Little Machias Bay ; and that it was

not sufficient to prove, that he had set it in a bay, cove or harbor in said county, but out of Little Machias Bay.

The verdict was for the defendant, and the plaintiff filed exceptions.

*Thacher*, for the plaintiff, argued in support of the ground taken at the District Court; and cited 3 Stark. Ev. 1569, 1570, 1575 ; 4 T. R. 561 ; Greenl. Ev. 58, 59, 68, 74.

*Lowell* and *Dunn*, for the defendant, contended that the words " Little Machias Bay," were essential parts of the description.    The venue is laid at Cutler, and the bay was to distinguish this from other bodies of water  within the town of Cutler.    Every essential part of the description must be proved, or the action must fail.    4 Bl. Com. 306 ; 1 Stark. Ev. 386 ; Greenl. Ev. 65, 72; *The State* v. *Godfrey*, 3 Fairf. 368 ; 1 Chitty's Pl. 252; *Ewell* v. *Gilles*, 14 Maine R. 72; *The State* v. *Noble*, 15 Maine R. 476.

But if the plaintiff was right in rejecting these words as surplusage, his declaration would be wholly insufficient, and his action could not be supported.

The opinion of the Court was drawn up by

Shepley J. — The act of 1824, c. 255, provided, " that no person whatever shall be allowed to place  or set any net for the purpose of taking  herring in any river, stream, harbor, creek, or  cove, in the county of Washington," except for the purpose of taking bait.    The declaration alleges, that the defendant, being an inhabitant of Cutler, in that county, " at said Cutler on  the fifteenth day of September, 1840, a certain net for the purpose of taking herring, and with  intent to take herring not for bait only, in a certain harbor or cove commonly called Little Machias Bay, in said county, did set and place contrary to the  form of the statute."    It is contended, that the declaration would  have been sufficient without the words, " commonly  called Little Machias Bay," and that they may be considered as introduced for the  purpose of venue, or may be rejected as surplusage.

Ackley *v.* Dennison.

In the case of the *Company of Navigation* v. *Douglas*, 2 East, 497, which was an action on the case for obstructing the navigation of the river Irwell, it was held, that when it was doubtful, whether the place of injury was laid in the declaration as venue, or as local description, it should be referred merely to venue. Lord Ellenborough states in that case, that "a plaintiff in such an action may indeed make it necessary to prove the gravamen in a particular place by giving it a specific local description." The same Judge says, in *Purcell* v. *Macnamara*, 9 East, 157, "there are two sorts of allegations; the one matter of substance, which must be substantially proved, the other of description, which must be literally proved." This distinction was affirmed in *Phillips* v. *Shaw*, 4 B. & A. 435, and in *Stoddart* v. *Palmer*, 3 B. & C. 2.

It cannot be doubtful in this case for what purpose the language before alluded to was introduced. The venue had before been laid in due form at Cutler in that county; and the particular harbor or cove in which the net was placed was intended to be designated. An averment, which limits the general language to some one harbor or cove, is necessarily descriptive. If the restrictive averment might have been omitted, being a part of the declaration, it became necessary to prove it as laid, and it could not be rejected as surplusage.

*Exceptions overruled.*